**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**
C.A. No. _____0:22-cv-01092-DCC-PJG_____

Charles Christian Matt,

                              Plaintiff,

         v.

The United States of America,

                              Defendant.

## COMPLAINT

Plaintiff, complaining of the Defendant named above, would respectfully show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1.       Plaintiff Charles Christian Matt seeks damages from Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.  Accordingly, this Court has jurisdiction of this case pursuant to 28 U.S.C. § 1346(b)(1).

2.       The location of acts pertinent to this lawsuit occurred in Edgefield County, South Carolina, and venue is therefore proper in this Court.

3.       Plaintiff timely submitted an administrative claim under the Federal Tort Claims Act to the federal Bureau of Prisons, which denied the claim by letter dated December 3, 2021.

## PARTIES

4.       Plaintiff Charles C. Matt is a resident of Greenwood County, South Carolina, a citizen of the state of South Carolina and the United States of America and a former inmate at the Federal Correctional Institution in Edgefield County ("FCI-Edgefield"), South Carolina.

5.       Defendant is the United States of America.

1

## FACTUAL ALLEGATIONS

6.      Plaintiff Charles Christian Matt was an inmate who was confined in the custody of the federal Bureau of Prisons from in or about December 2019 until March 2021.

7.      While housed at FCI-Edgefield in 2020, one or more inmates began trying to extort Plaintiff by threatening to reveal that he had cooperated with federal prosecutors and testified against another inmate in a wire fraud and money laundering prosecution.  The inmates threatened to brand Plaintiff as a "snitch," thereby exposing him to violent retribution in prison, if Plaintiff or his family did not pay money to them.

8.      The inmates showed homemade weapons to Plaintiff while threatening him.  On information and belief, the threatening inmates were members of a known gang.

9.      Plaintiff reported the threats to one or more correctional officers and was twice placed in protective custody or administrative detention in 2020.

10.      However, correctional officers, supervisors or staff twice returned Plaintiff to a general population dorm and assured him that he was not in any danger.

11.      On information and belief, correctional officers, supervisors or staff negligently and wrongfully revealed non-public information about Plaintiff which prompted other inmates to threaten and seek retribution against Plaintiff, thereby placing him in jeopardy of retribution and assault and battery by other inmates.

12.      On information and belief, correctional officers, supervisors or staff negligently and wrongfully failed to properly and timely investigate threats against Plaintiff, thereby placing him in jeopardy of retribution and assault and battery by other inmates.

13.       On information and belief, correctional officers, supervisors or staff negligently and wrongfully failed to properly and timely investigate and prevent inmates from extorting and

blackmailing fellow inmates and their families, thereby placing Plaintiff in jeopardy of retribution and assault and battery by other inmates.

14.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully belittled and derided Plaintiff and his fears in front of other inmates instead of taking necessary and appropriate action to protect him, thereby placing him in  jeopardy of retribution and assault and battery by other inmates.

15.     On information and belief, correctional officers, supervisors or staff negligently and wrongfully failed to place or maintain Plaintiff in protective custody or transfer him to another facility to protect him.

16.     Plaintiff was placed in protective custody on one occasion only after he refused to return to his assigned cell due to his fear of the threatening inmates.

17.     Instead of heeding Plaintiff's concerns and taking appropriate action to review or investigate the matter and protect Plaintiff from threatening inmates, correctional officers, supervisors and staff charged Plaintiff with the disciplinary offense of refusing a housing assignment.  He was found guilty and penalized by the loss of privileges.

18.     On or about June 24, 2020, Plaintiff's roommate brutally assaulted him.  On information and belief, the assaulting inmate had been told by one or more other inmates that Plaintiff was a snitch and had testified at trial against another inmate, and that Plaintiff had reported inmates' threats and extortion efforts to correctional officers.

19.      The assaulting inmate began his attack while Plaintiff was asleep.  On information and belief, the assaulting inmate beat Plaintiff with his fists and with rocks or some type of heavy object wrapped in a sock or other clothing.

20.      On information and belief, the assaulting inmate confessed to assaulting Plaintiff.

3

21.     Plaintiff was severely injured, with numerous bones in his skull and face badly broken and smashed.  Plaintiff was taken by ambulance to the hospital and subsequently admitted for nine days.  Plaintiff's injuries included multiple fractures of the skull in the midface area, multiple fractures of the nasal bones, multiple fractures of the bones around the eyes and side of the face, a traumatic brain injury, a transverse process fracture in the lumbar spine, and multiple cuts and bruises.

22.     Plaintiff underwent two surgical procedures to repair the broken bones in his face. At least six metal plates and multiple screws were permanently placed in his face and head to repair the damaged bones.  In addition, Plaintiff's vision was affected and he has experienced apparently permanent vision problems.  Plaintiff has ongoing tinnitus or ringing in the ears. Plaintiff has ongoing physical pain and suffering, including pain and a burning sensation in his face at times.  Plaintiff has ongoing mental and emotional suffering in the nature of post-traumatic stress syndrome, anxiety and depression.  Plaintiff has receiving ongoing care and treatment for his physical, mental and emotional injuries.

### <u>FOR A CAUSE OF ACTION</u>
**Negligence / Gross Negligence**
**Against Defendant United States of America under Federal Tort Claims Act**

23.     The allegations set forth above, not inconsistent herein, are realleged and reiterated as if set forth verbatim.

24.     Defendant United States of America, by and through its employees or agents at the federal Bureau of Prisons, owed Plaintiff a non-delegable duty of care while incarcerated, among other things, to provide a properly secured and reasonably safe environment, to properly place or maintain Plaintiff in protective custody or transfer him to another facility as necessary, to properly investigate and review housing and cell assignments, to properly investigate and

prevent inmates from threatening and blackmailing fellow inmates, and to properly investigate, resolve and prevent threats to Plaintiff's safety and assaults and batteries on his person.

25.     On information and belief, Defendant, acting by and through its duly authorized employees or agents, breached its duties of care by acting in a manner that was negligent, grossly negligent and wrongful in one or more of the following ways:

a) Failing to place or maintain Plaintiff in protective custody after he reported other violent inmates were threatening his safety and life and extorting him and his family;

b) Failing to heed and respond to, or in otherwise ignoring or discounting, Plaintiff's reports that he was in danger from violent, threatening inmates;

c) Failing to properly and timely investigate Plaintiff's assertions and take appropriate actions to keep him safe, thereby placing him in jeopardy of retribution and assault and battery by other inmates;

d) Failed to properly and timely investigate and prevent inmates from extorting and blackmailing fellow inmates and their families, thereby placing Plaintiff in jeopardy of retribution and assault and battery by other inmates.

e) Failing to keep confidential non-public information about Plaintiff which prompted other inmates to threaten and seek retribution against Plaintiff, thereby placing him in jeopardy of retribution and assault and battery by other inmates;

f) Publicly belittling and deriding Plaintiff and his fears in front of other inmates, thereby placing him in jeopardy of retribution and assault and battery by other inmates;

g) Failing to conducting an investigation in a proper and timely manner, thereby

5

placing Plaintiff in jeopardy of retribution and assault and battery by other inmates;

h) Failing to properly separate the threatening inmates from Plaintiff or otherwise take action against the threatening inmates to prevent the assault from occurring;

i) Failing to transfer Plaintiff to another unit, prison or facility for safekeeping;

j) Failing to provide a properly secured and reasonably safe environment;

k) Failing to properly investigate and review housing and cell assignments;

l) Failing to properly investigate, review and resolve potential threats to Plaintiff's safety and assaults and batteries on his person; or

m) Otherwise failing to keep Plaintiff safe and protect him from violent or threatening inmates.

26. As a result of the negligent, grossly negligent and wrongful acts of Defendant and the Bureau of Prisons and its employees or agents, Plaintiff has suffered and will continue in the future to suffer temporary and permanent physical pain and suffering, temporary and permanent mental injuries and emotional distress, temporary and permanent physical and mental disabilities, physical scarring, loss of enjoyment of life, medical expenses, and loss of income or earning capacity.

WHEREFORE, having fully set forth his Complaint, Plaintiff prays for judgment against Defendant for actual damages in the amount of $5,000,000 (Five Million Dollars), the costs of this action, and for any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PROFFITT & COX, LLP

*s/ David Proffitt*
David Proffitt
Federal ID No. 7503
Proffitt & Cox, LLP
140 Wildewood Park Drive, Suite A
Columbia, SC  29223
(803) 834-7097
dproffitt@proffittcox.com

April 5, 2022