IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Charles Christian Matt, | ) | Case No. 0:22-cv-01092-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion to Dismiss. ECF No. 7. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 25, 2022, the Magistrate Judge recommended that Defendant's Motion be granted.[1] ECF No. 32. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections, and Defendant filed a Reply. ECF Nos. 38, 40.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

---

[1] The Report also denied Plaintiff's Motion to Stay and granted Defendant's Motion to Stay Deadlines. ECF No. 32 at 6 n.1; 9 n.2.

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

Plaintiff brings the present action pursuant to the Federal Tort Claims Act ("FTCA"). The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference.

The Magistrate Judge recommends dismissing Plaintiff's allegation that prison officials failed to keep his information confidential because he failed to exhaust his administrative remedies as to this claim. She recommends that the remainder of Plaintiff's claims be dismissed pursuant to the discretionary function exception. Plaintiff objects to each recommendation, which the Court will address below.[2] The Court has conducted a de novo review of the record, the Report, and the applicable law.

---

[2] In his objections, Plaintiff states that he "incorporates by reference, in their entirety, his Response to Defendant's Motion to Dismiss (ECF No. 13 and Exhibits 13-1 to 13-9), Motion to Stay the Proceedings (ECF No. 14), Reply in Support of Motion to Stay (ECF No. 28), and Response to the Motion to Stay the Scheduling Order (ECF No.

***Failure to Exhaust***

As explained in more detail by the Magistrate Judge, the FTCA provides a limited waiver of the United States sovereign immunity from suit by allowing recovery of damages in a civil action for loss of property or personal injury caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, a plaintiff seeking to file an FTCA claim must first exhaust his administrative remedies. The exhaustion requirement is jurisdictional and may not be waived. *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). The claim must be presented to the appropriate agency by filing a Standard Form 95 or other written notification. 28 C.F.R. § 14.2(a). The plaintiff will be deemed to have properly presented his claim if the notice is sufficient to enable to agency to investigate the underlying incident and places a sum certain value on the claim. *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994); *White v. United States*, 907 F. Supp. 2d 703, 705 (D.S.C. 2012).

Here, Plaintiff submitted a Standard Form 95 with an attachment detailing his claims. ECF No. 7-1 at 3–6. Notably, neither the Standard Form 95 nor the attachment mention that Bureau of Prisons ("BOP") officials failed to keep information about Plaintiff

---

29)." ECF No. 38 at 1. To the extent Plaintiff invites the Court to make its own arguments based on these filings, the undersigned declines to do so. The Court has reviewed the entirety of the record de novo and will address Plaintiff's specific objections.

confidential.  In his objections, Plaintiff argues, inter alia, that "[i]t goes without saying that Plaintiff himself would not reveal such potentially dangerous information to other inmates" and that, therefore, the BOP officials were "the likely source of such potentially dangerous information to other inmates."  ECF No. 38 at 12.  Upon review, the Court finds that this argument requires far too much to be read into Plaintiff's filing with the BOP and agrees with the Magistrate Judge that Plaintiff's actual filings with the BOP are insufficient to provide adequate notice to the BOP that Plaintiff intended to state a negligence claim based on any disclosure of confidential information.  Therefore, he has failed to exhaust his administrative remedies as to this claim.

***Discretionary Function Exception***

As explained in more detail by the Magistrate Judge, while the FTCA provides for a limited waiver of sovereign immunity, the waiver does not extend to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

To determine whether the discretionary function exception applies, the court must undertake a two-step inquiry.  *Sanders v. United States*, 937 F.3d 316, 328 (4th Cir. 2019); *Rich v. United States*, 811 F.3d 140, 145 (4th Cir. 2015).  First, the court must determine whether the nature of the defendant's actions is discretionary—that is, whether

4

the actions involve an element of judgment or choice. *United States v. Gaubert*, 499 U.S. 315, 322 (1991); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). The action is not considered discretionary if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive." *Id*. Second, if the actions are discretionary, the court must then determine whether the defendant's decision was made based on considerations of public policy. *Gaubert*, 499 U.S. at 322–23; *Berkovitz*, 486 U.S. at 536–37.

The Magistrate Judge recommends finding that Plaintiff's remaining claims—that BOP officials failed to properly investigate threats of violence and extortion, failed to put Plaintiff in protective custody, and failed to otherwise protect him from threatening inmates—should be dismissed pursuant to the discretional function exception. ECF No. 32 at 6–8. Plaintiff objects. ECF No. 1–11.

At this procedural posture, the Court agrees with Plaintiff. The Court finds that Plaintiff's claims may give rise to a set of facts that establish that the BOP officials acted in a careless or lazy manner. *See Rich v. United States*, 811 F.3d 140, 147 (4th Cir. 2015) (holding that "discretionary conduct cannot be grounded in a policy decision when that conduct is marked by individual carelessness or laziness"). Therefore, the Court respectfully disagrees with the Magistrate Judge that Plaintiff has met the second prong of the discretionary function exception test. The Court specifically notes that this holding is limited to the present stage of this action and the undersigned makes no comment on whether Plaintiff can successfully maintain his claims past summary judgment.

## **CONCLUSION**

Based on the foregoing, the Court adopts in part and respectfully declines to adopt in part the recommendation of the Magistrate Judge. Defendant's Motion to Dismiss [7] is **GRANTED in part and DENIED in part**. Plaintiff's claim that BOP officials were negligent in failing to keep information about him confidential is **DISMISSED** without prejudice. The remainder of Defendant's Motion is **DENIED**. Plaintiff's request to stay this action during BOP's review of his administrative claim is **DENIED**. This action is recommitted to the Magistrate Judge.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 25, 2022
Spartanburg, South Carolina