IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Charles Christian Matt, | ) | Case No. 0:22-cv-01092-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This matter is before the Court upon Defendant's Motion for Judgment on the Pleadings. ECF No. 64. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On March 24, 2023, Defendant filed a Motion for Judgment on the Pleadings. ECF No. 64. On July 7, 2023, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.[1] ECF No. 82. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On August 14, 2023, the Magistrate Judge issued an order directing Plaintiff to file a response within 14 days of

---

[1] Plaintiff was initially represented by counsel but is now proceeding pro se. Indeed, it was counsel's withdrawal and the time given to allow Plaintiff to obtain new counsel that resulted in the delay in issuing the *Roseboro* order.

the date of the order. ECF No. 85. Plaintiff did not file a response. On September 7, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 89. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections and the time in which to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** with prejudice

pursuant to Federal Rule of Civil Procedure 41(b).  The Motion for Judgment on the Pleadings [64] is **FOUND as MOOT**.

    IT IS SO ORDERED.

                                                     s/ Donald C. Coggins, Jr.
                                                     United States District Judge

December 5, 2023
Spartanburg, South Carolina